**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY DAVIS,<br><br>        Plaintiff,<br><br>    v.<br><br>Z. WHEELER, et al.,<br><br>        Defendants. | No. 2:16-CV-2917-TLN-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint (ECF No. 19). Plaintiff alleges Defendants violated his rights under the First Amendment and Eighth Amendment.

///
///
///
///
///
///
///
///

1

# I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

///
///
///
///

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Z. Wheeler (2) N. Romney (3) Scott Kernan (4) D. Baughman. See ECF No. 19, at 2. Plaintiff raises two claims. First, Plaintiff alleges Defendants Z. Wheeler and N. Romney retaliated against him, in violation of his First Amendment rights, by threatening Plaintiff with physical violence because he is a patient of the Enhance Out Patient Program ("EOP") and because he attempted to reach out for help when having suicidal ideations. Id. at 17. Second, Plaintiff alleges Defendants Z. Wheeler and N. Romney violated his Eighth Amendment rights by using excessive force, despite Plaintiff allegedly not violating any prison rules or acting disruptively at the time. Id. Plaintiff claims while Defendants Z. Wheeler and N. Romney escorted him to a medical triage treatment area, he was verbally harassed, taunted, and ridiculed by both Defendants. Id. at 3. Plaintiff alleges Defendants, in order to prove a point, twice threw Plaintiff face first into the pavement, twisting and jumping on Plaintiff's back, wrist, and left shoulder. Id. Plaintiff alleges he was handcuffed and in leg restraints and did not jerk, yank, or pose any threat to the officers. Id. at 4. Plaintiff states he was immediately treated by emergency room staff for wounds to both of his wrists and abrasions to his left shoulder. Id. Plaintiff does not specifically address Defendants Scott Kernan and D. Baughman in the complaint.

## III. DISCUSSION

As currently set forth, this Court finds Plaintiff alleges sufficient facts in his Eighth Amendment claim to pass screening. However, Plaintiff's First Amendment claim fails because it is unclear to the Court whether Plaintiff is alleging retaliation for being an EOP member and needing mental health care, or if Plaintiff alleges a violation of the Americans with Disabilities Act ("ADA"). Plaintiff's claims against Defendants Scott Kernan and D. Baughman fail to meet the pleading standard under Federal Rule of Civil Procedure Rule 8, as Plaintiff fails to specify which Defendant engaged in conduct that lead to an alleged constitutional violation.

///

///

**A.    Claims Against Defendants Scott Kernan and D. Baughman**

    1. Causal Link

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff failed to specifically name or address Defendants Scott Kernan and D. Baughman in the complaint, and Plaintiff does not allege facts to establish how these defendants' personal conduct violated Plaintiff's constitutional or statutory rights. Because Plaintiff fails to allege any facts indicating how Defendants Scott Kernan and D. Baughman engaged in the alleged unconstitutional action, Plaintiff has failed to satisfy the Rule 8 pleading standard. Further, because Plaintiff failed to attribute any of the alleged unconstitutional conduct to either Scott Kernan and D. Baughman, this Court is unable to engage in a substantive analysis to determine if sufficient facts exist to support a claim. Plaintiff will be provided an opportunity to amend the complaint to set forth specific facts as to Defendants Scott Kernan and D. Baughman demonstrating what each Defendant did and how that action or inaction violated Plaintiff's constitutional rights.

///
///
///
///

2. <u>Supervisory Liability</u>

Further, the Court observes Defendants Scott Kernan and D. Baughman hold supervisory positions. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See <u>id.</u> The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See <u>Redman v. Cnty of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." <u>Iqbal</u>, 662 U.S. at 676.

Here, Plaintiff appears to allege Defendants Scott Kernan and D. Baughman are liable as supervisory personnel, asserting that as supervisors, these Defendants are liable for the conduct of their subordinates. This is a respondeat superior theory of liability which is not cognizable under § 1983. See <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff is advised that in amending the complaint it is necessary to allege that, through the individual supervisors' action or inaction, Plaintiff's constitutional rights were violated.

///

5

**B.    Claims Against Defendants Z. Wheeler and N. Romney**

1.   First Amendment – Retaliation

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005). Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes, 408 F.3d at 568.

As to the chilling effect, the Ninth Circuit in Rhodes observed: "If Rhodes had not alleged a chilling effect, perhaps his allegations that he suffered harm would suffice, since harm that is more than minimal will almost always have a chilling effect." Id. at n.11. By way of example, the court cited Pratt in which a retaliation claim had been decided without discussing chilling. See id. This citation is somewhat confusing in that the court in Pratt had no reason to discuss chilling because it concluded that the plaintiff could not prove the absence of legitimate penological interests. See Pratt, 65 F.3d at 808-09. Nonetheless, while the court has clearly stated that one of the "basic elements" of a First Amendment retaliation claim is that the adverse action "chilled the inmates exercise of his First Amendment rights," id. at 567-68, see also Resnick, 213 F.3d at 449, the comment in Rhodes at footnote 11 suggests that adverse action which is more than minimal satisfies this element. Thus, if this reading of Rhodes is correct, the chilling effect element is essentially subsumed by adverse action.

As currently set forth, this claim cannot pass screening because it is unclear if Plaintiff is alleging Defendants Z. Wheeler and N. Romany retaliated against him because he is in the EOP program and because he was seeking mental health care, or if Plaintiff is attempting to allege Defendants discriminated against him because of a mental disability that causes suicidal ideations. If Plaintiff intends the former, then the claim in its current state cannot pass screening because being a member of the EOP and attempting to access mental health care is not constitutionally protected conduct.

However, if Plaintiff intends the latter claim, then Plaintiff seeks to bring a claim under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. Title II of the ADA "prohibit[s] discrimination on the basis of disability." See Lovell v. Chandler, 202 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Id. Because Plaintiff has not plead facts that establish he is a qualified individual with a disability under the ADA, this claim in its current state cannot pass the screening stage. Plaintiff will be provided an opportunity to amend the complaint to set forth specific facts as to the exact claim he is asserting.

2. Eighth Amendment – Excessive Force

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when

two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

When prison officials stand accused of using excessive force, the core judicial inquiry is ". . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. See Whitley, 475 U.S. at 320-21. In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. See Hudson, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc). The lack of injuries is also probative. See Hudson, 503 U.S. at 7-9. Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. See Whitley, 475 U.S. at 321-22.

Here, Plaintiff alleges he was twice thrown face-first to the ground by Defendants Z. Wheeler and N. Romany. Plaintiff alleges while he was handcuffed and in leg restraints, both Defendants twisted and jumped on his back, wrist, and left shoulder, and his body was dug into the pavement. Plaintiff claims at the time he was not violating any prison rules, he was not acting disruptively, and that he did not jerk, yank, or pose any threat to cause the alleged excessive force. Further, Plaintiff claims he was immediately treated by emergency room staff for wounds

to both of his wrists and abrasions to his left shoulder.  The complaint pleads sufficient facts related to the excessive force claim to proceed past the screening stage.

## IV.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that plaintiff may file a second amended complaint within 30 days of the date of service of this order.

Dated:  September 4, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE