# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DAVIS,<br><br>          Plaintiff,<br><br>   v.<br><br>Z. WHEELER, et al.,<br><br>          Defendants. | No. 2:16-CV-2917-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (ECF No. 19).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). On September 4, 2019, the court issued a screening order addressing plaintiff's claims. See ECF No. 22. The court summarized plaintiff's allegations and claims as follows:

> Plaintiff names the following as defendants: (1) Z. Wheeler (2) N. Romney (3) Scott Kernan (4) D. Baughman. See ECF No. 19, at 2. Plaintiff raises two claims. First, Plaintiff alleges Defendants Z. Wheeler and N. Romney retaliated against him, in violation of his First Amendment rights, by threatening Plaintiff with physical violence because he is a patient of the Enhance Out Patient Program ("EOP") and because he attempted to reach out for help when having suicidal ideations. Id. at 17. Second, Plaintiff alleges Defendants Z. Wheeler and N. Romney violated his Eighth Amendment rights by using excessive force, despite Plaintiff allegedly not violating any prison rules or acting disruptively at the time. Id. Plaintiff claims while Defendants Z. Wheeler and N. Romney

1

escorted him to a medical triage treatment area, he was verbally harassed, taunted, and ridiculed by both Defendants. Id. at 3. Plaintiff alleges Defendants, in order to prove a point, twice threw Plaintiff face first into the pavement, twisting and jumping on Plaintiff's back, wrist, and left shoulder. Id. Plaintiff alleges he was handcuffed and in leg restraints and did not jerk, yank, or pose any threat to the officers. Id. at 4. Plaintiff states he was immediately treated by emergency room staff for wounds to both of his wrists and abrasions to his left shoulder. Id. Plaintiff does not specifically address Defendants Scott Kernan and D. Baughman in the complaint.

ECF No. 22, pg. 3.

The court concluded plaintiff's first amended complaint stated a cognizable Eighth Amendment claim against defendants Wheeler and Romney. See id. The court, however, determined plaintiff failed to state a First Amendment claim against any defendant and that plaintiff failed to allege sufficient facts to state a claim against defendants Kernan and Baughman. See id.

As to plaintiff's First Amendment retaliation claim, the court stated:

> In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005). Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes, 408 F.3d at 568.
> As to the chilling effect, the Ninth Circuit in Rhodes observed: "If Rhodes had not alleged a chilling effect, perhaps his allegations that he suffered harm would suffice, since harm that is more than minimal will almost always have a chilling effect." Id. at n.11. By way of example, the court cited Pratt in which a retaliation claim had been decided without discussing chilling. See id. This citation is somewhat confusing in that the court in Pratt had no reason to discuss chilling because it concluded that the plaintiff could not prove the absence of legitimate penological interests. See Pratt, 65 F.3d at 808-09. Nonetheless, while the court has clearly stated that one of the "basic elements" of a First

2

> Amendment retaliation claim is that the adverse action "chilled the inmates exercise of his First Amendment rights," id. at 567-68, see also Resnick, 213 F.3d at 449, the comment in Rhodes at footnote 11 suggests that adverse action which is more than minimal satisfies this element. Thus, if this reading of Rhodes is correct, the chilling effect element is essentially subsumed by adverse action.
>
> As currently set forth, this claim cannot pass screening because it is unclear if Plaintiff is alleging Defendants Z. Wheeler and N. Romany retaliated against him because he is in the EOP program and because he was seeking mental health care, or if Plaintiff is attempting to allege Defendants discriminated against him because of a mental disability that causes suicidal ideations. If Plaintiff intends the former, then the claim in its current state cannot pass screening because being a member of the EOP and attempting to access mental health care is not constitutionally protected conduct.
>
> However, if Plaintiff intends the latter claim, then Plaintiff seeks to bring a claim under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. Title II of the ADA "prohibit[s] discrimination on the basis of disability." See Lovell v. Chandler, 202 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Id. Because Plaintiff has not plead facts that establish he is a qualified individual with a disability under the ADA, this claim in its current state cannot pass the screening stage. Plaintiff will be provided an opportunity to amend the complaint to set forth specific facts as to the exact claim he is asserting.

ECF No. 22, pgs. 6-7.

Regarding defendants Kernan and Baughman, the court identified two pleading defects. First, the court addressed plaintiff's failure to allege a sufficient causal nexus:

> To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).
>
> Here, Plaintiff failed to specifically name or address Defendants Scott Kernan and D. Baughman in the complaint, and Plaintiff does not allege facts to establish how these defendants' personal conduct violated Plaintiff's constitutional or statutory rights. Because Plaintiff fails

3

> to allege any facts indicating how Defendants Scott Kernan and D. Baughman engaged in the alleged unconstitutional action, Plaintiff has failed to satisfy the Rule 8 pleading standard. Further, because Plaintiff failed to attribute any of the alleged unconstitutional conduct to either Scott Kernan and D. Baughman, this Court is unable to engage in a substantive analysis to determine if sufficient facts exist to support a claim. Plaintiff will be provided an opportunity to amend the complaint to set forth specific facts as to Defendants Scott Kernan and D. Baughman demonstrating what each Defendant did and how that action or inaction violated Plaintiff's constitutional rights.

ECF No. 22, pg. 4.

Second, the court addressed the legal standards applicable to supervisory defendants such as defendants Kernan and Bauchman. See id. at 5.

Plaintiff was provided leave to file a second amended complaint within 30 days of the date of the court's screening order. See id. at 9. Plaintiff was instructed that the action would proceed on the original complaint if he failed to file a first amended complaint within the time provided. See id. at 9. To date, plaintiff has not filed a first amended complaint. By separate order issued herewith the court has instructed plaintiff to submit documents necessary for service of this action on defendants Wheeler and Romney.

Based on the foregoing, the undersigned recommends that the District Judge adopt the conclusions reached in the September 4, 2019, screening order and dismiss plaintiff's First Amendment claim with prejudice and dismiss defendants Kernan and Baughman with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days

///
///
///
///
///
///
///
///

after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 1, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE