**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY DAVIS, | No. 2:16-CV-2917-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| Z. WHEELER, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motions for the appointment of counsel (ECF Nos. 37 and 44).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff argues that he should receive appointed counsel because: (1) he is a patient with "developmental disabilities"; (2) he has been denied law library access and access to stationary; and (3) he requires professional assistance to conduct proper discovery. However, despite these assertions, the Court is unconvinced that Plaintiff is entitled to assistance by this Court is obtaining counsel. Plaintiff claims to suffer from mental impairments, however, Plaintiff does not describe what these impairments are, nor how they frustrate his ability to litigate his claims. Quite the contrary, the docket reflects that Plaintiff has articulated his claims sufficient to pass screening and has drafted multiple motions for injunctive relief. Also, to the extent that Plaintiff argues he lacks either the resources or expertise to properly litigate his claims, the Court notes that such a condition is common among pro se litigants and does not present an "exceptional circumstance."

Accordingly, IT IS HEREBY ORDERED that Plaintiff's requests for the appointment of counsel (ECF Nos. 37 and 44) are denied.

Dated:  September 23, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE