1
2
3
4
5
6
7
8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    ANTHONY DAVIS,                          No.  2:16-CV-2917-TLN-DMC-P

12                  Plaintiff,

13          v.                                 <u>FINDINGS AND RECOMMENDATIONS</u>

14    Z. WHEELER, et al.,

15                  Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion, ECF No. 43, for preliminary

19    injunctive relief.

20          The legal principles applicable to requests for injunctive relief, such as a

21    temporary restraining order or preliminary injunction, are well established.  To prevail, the

22    moving party must show that irreparable injury is likely in the absence of an injunction.  <u>See</u>

23    <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing <u>Winter v. Natural Res.</u>

24    <u>Def. Council, Inc.</u>, 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser

25    standard by focusing solely on the possibility of irreparable harm, such cases are "no longer

26    controlling, or even viable."  <u>Am. Trucking Ass'ns, Inc. v. City of Los Angeles</u>, 559 F.3d 1046,

27    1052 (9th Cir. 2009).  Under <u>Winter</u>, the proper test requires a party to demonstrate: (1) he is

28    likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

                                              1

injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot, however, issue an order against individuals who are not parties to the action.   See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).   Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

Plaintiff seeks an order requiring Defendants Wheeler and Romney to "stay far away" from him.  ECF No. 43, pg. 1.  In his motion for injunctive relief, Plaintiff alleges that Defendants are "harassing, ploting [sic], & trying to retaliate by using 'his,' Z. Wheeler 'power' of authority to manipulating [sic] & influencen [sic] other employee(s)/correctional officer(s) at California State Prison – Sacramento. . . ."  Id.  Plaintiff states that he "[m]ay" suffer irreparable harm from retaliation.  Id. at 2.  Plaintiff states that, on August 9, 2020, Defendant Wheeler recognized Plaintiff in his cell during a mental health wellness check of inmates in Plaintiff's housing unit.  See id. at 4.  According to Plaintiff, Defendant Wheeler gawked and stared at him "with an intimidation [sic] look upon his face/posture."  Id. (underlining in original).  Plaintiff adds that Defendant Wheeler kept glancing up at Plaintiff's cell "with quick back & fourth [sic] motion(s) as if to plan, plot or sceem [sic] of (retaliation, harass, or physically) 'assault again,' sense [sic] Plaintiff has this case pending against Defendant Z. Wheeler et al."  Id. at 4-5.

According to Plaintiff's first amended complaint, Defendants were at the time of the events alleged correctional officers at California State Prison – Sacramento.  See ECF No. 19, pg. 2.  Since the filing of the first amended complaint, Plaintiff has been transferred to the California Healthcare Facility.  See ECF No. 54 (Notice of Change of Address).  Plaintiff has not made any showing that he expects to be transferred back to California State Prison – Sacramento.  Nor is there any evidence that Defendants still work at that particular institution.  For these reasons, the Court finds that Plaintiff's motion for injunctive relief should be denied as moot.

/ / /

1    Based on the foregoing, the undersigned recommends that Plaintiff's motion for

2    injunctive relief, ECF No. 43, be denied as moot.

3    These findings and recommendations are submitted to the United States District

4    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

5    after being served with these findings and recommendations, any party may file written objections

6    with the Court.  Responses to objections shall be filed within 14 days after service of objections.

7    Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

8    Ylst, 951 F.2d 1153 (9th Cir. 1991).

9

10    Dated:  February 12, 2021

11                                                                         DENNIS M. COTA

12                                                                         UNITED STATES MAGISTRATE JUDGE